UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF TEXAS TYLER DIVISION

| | |
|---|---|
| BRIAN C. PEERY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CACTUS DRILLING COMPANY, LLC,<br><br>Defendant. | No. 6:15-cv-094-MHS<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE<br><br>ACTION |

## ORDER GRANTING PRELIMINARY APPROVAL AND SETTING FAIRNESS HEARING

Plaintiff Brian C. Peery ("Peery") brought this action, on behalf of himself individually and others similarly-situated, alleging Cactus Drilling Company LLC ("Cactus Drilling") denied Peery and other workers wages due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New Mexico state law.

Presently before the Court is Peery's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. No. 29). The Court grants Peery's Motion and sets a fairness hearing for **Thursday**, **January 14, 2016, at 10:00 a.m.** before Judge Michael H. Schneider in Tyler, Texas.

### BACKGROUND

This is a class and collective action seeking unpaid wages allegedly owed under federal and New Mexico state law. In general, Peery alleges Cactus Drilling failed to pay hourly workers wages and overtime as required by the FLSA and New Mexico state law (Doc. No. 14). Peery's complaint alleges his case is properly certified as an FLSA collective action and as a Rule 23 class for all similarly situated employees employed in New Mexico during the period February

1

12, 2012 to present.

Cactus Drilling denies all of Peery's allegations, asserting all of the workers were properly paid under the law. Cactus Drilling further denies that certification of either a collective or class action was appropriate.

The Parties conducted extensive informal discovery on issues relating to liability and damages, and met both in person and on the phone on several occasions. The Parties ultimately reached a proposed settlement, which is the subject of this Order. As part of the settlement, the Parties have stipulated to certification of a collective action and a class of New Mexico workers under Federal Rule of Civil Procedure 23 for settlement purposes only.

## ORDER

**A.     Preliminary Settlement Approval.**

1.     Based upon the Court's review of Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, as well as all corresponding exhibits and papers submitted in connection with the Motion, preliminary approval of the Settlement memorialized in the Parties' Stipulation and Settlement Agreement is GRANTED.

2.     The Court concludes that, at this preliminary stage, the proposed settlement is fair, reasonable and adequate.

3.     The Court finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

**B.     Certification of the FLSA Class.**

4.     For settlement purposes only, the Court certifies the following FLSA Class:

> **Any and all persons employed by Cactus Drilling as a Yard Hand, Floor Hands, Lead Tong Hand, Motor Men, Derrick Hand, and/or Driller from February 2, 2012 through and including the date**

**of this Order.**

*See* Settlement Agreement at p. 13.

    **C.**    **Certification of the Rule 23 Class.**

5.    For settlement purposes only, the Court certifies the following class under Fed. R. Civ.

P. 23(e) (the "New Mexico Class"):

> **Any and all persons employed by Cactus Drilling as a Yard Hand, Floor Hands, Lead Tong Hand, Motor Men, Derrick Hand, and/or Driller in New Mexico from February 2, 2012 through and including the date of this Order.**

*See* Settlement Agreement at p. 16.

6.    The New Mexico Class meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) because:

    (a)    the class is sufficiently numerous;

    (b)    the class members share common alleged issues of fact and law;

    (c)    the named Plaintiff's claims arise from the same factual and legal circumstances as the class members;

    (d)    Class Counsel are qualified, experienced, and able to conduct the litigation; and

    (e)    Peery's interests are not antagonistic to the class members' interests.

7.    The New Mexico Class satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

    **D.**    **Appointment of Class Counsel and the Class Representative.**

8. The Court appoints Bruckner Burch PLLC and Fibich, Leebron, Copeland, Briggs, and Josephson, PC as Class Counsel pursuant to Rule 23(g) because they meet all of the requirements of Fed. R. Civ. P. 23(g).

9. Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims.

10. Class Counsel's attorneys have substantial experience prosecuting and settling employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law. *Roussell v. Brinker Int'l, Inc.*, 441 Fed. App'x 222 (5th Cir. 2011) (affirming jury verdict in favor of class of waiters in FLSA tip credit case); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (deciding, as a matter of first impression, that hourly paid Physician Assistants and Nurse Practitioners were entitled to overtime under the FLSA and affirming judgment in favor of nationwide class). Numerous other courts have found Class Counsel adequate in employment law class actions in the past. *See, e.g.*, *Watson v. Konica Minolta Bus. Sols. USA, Inc.*, Case No. 15-1938 (S.D. Tex. Apr. 10, 2013) (appointing Richard J. Burch as Class Counsel); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (referring to Bruckner Burch's lawyers as "highly experienced attorneys [that] have acted as class counsel in similar actions in federal and state courts"); *Girault v. Supersol 661 Amsterdam, LLC*, 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012) (referring to Bruckner Burch's lawyers as "experienced and well-qualified employment lawyers and class action lawyers [that] have particular expertise in prosecuting and settling wage and hour class actions"); *Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (referring to Bruckner Burch lawyers as "experienced employment lawyers with good reputations among the employment law bar").

11. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

12. The Court appoints plaintiff Brian C. Peery as the class representative. Peery "possess[es] the same interest and suffer[ed] the same injury as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

### E. Class Notice and Settlement Procedure.

13. The Court approves, or will approve, the proposed Settlement Notices and Claim Form Packages. The Court directs the distribution of the Settlement Notices and Claim Form Packages to the Settlement Classes.

14. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

15. Once approved, the Settlement Notices and Claim Form Packages satisfy each of these requirements and adequately put the Class Members on notice of the proposed settlement, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of the Federal Rules of Civil Procedure, the New Mexico and United States Constitutions (including the due process clauses), the Local Rules of this Court, and all other applicable law.

16. The Court approves the following settlement procedure and timeline:

   (a) Within fourteen (14) calendar days of this order, Cactus Drilling shall provide the Class List and Data to the Claims Administrator. At the same time, Cactus Drilling

will provide to Class Counsel a version of the Class List and Data that does not include the Social Security Numbers of the Class Members. Class Counsel shall not provide the version of the Class List and Data it receives from Defendant to any Class Members or any third parties;

(b) Within ten (10) calendar days after receipt of the Class List and Data from Cactus Drilling as provided herein, the Claims Administrator shall mail the Settlement Notices and Claim Form Packet to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses provided by Defendant;

(c) Class Members will have 60 days from the date of the mailing to review the terms of the Class Notice and submit a Claim Form;

(d) New Mexico Class Members will have 60 days from the date of the mailing to review the terms of the Class Notice and submit a request for exclusion;

(e) New Mexico Class Members will have 60 days from the date of the mailing to review the terms of the Class Notice and file an objection per the instructions set forth in the Settlement Notice. Such objection shall be filed and served per the instructions set forth in the Settlement Notice, together with copies of all papers in support of the class member's position, not later than 60 days after the Settlement Notice is first mailed. The Court will not consider objections of any Class Member who has not properly filed and served copies of his or her objections on a timely basis;

(f) the Court will hold a fairness hearing on **Thursday, January 14, 2016, at 10:00 a.m.** before Judge Michael H. Schneider to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate as to the Class Members and whether the proposed Final Order Approving the Settlement should be entered;

(g) any supplemental briefing in support of final approval of the Settlement Agreement (including Attorney's Fees and Costs) or in response to any objections

(including objections to Attorney's Fees and Costs), shall be filed by **January 8, 2016, at 3:00 p.m.**; and

    (h)  the Court shall determine at the fairness hearing whether the Settlement Agreement (including Attorney's Fees and Costs) should be approved.

 17. In the event the Court issues a Final Order Approving the Settlement, all members of the Final Settlement Classes (as that term is defined in the Settlement Agreement), other than those that have properly requested exclusion, shall be bound.

**It is SO ORDERED.**

**SIGNED this 13th day of October, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE